IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) Civil Action No. 3:13CV038 |
| LINDA R. PATE, CARLOTTA R. WHITE, AND JOSEPH JENKINS, JR. FUNERAL HOME, INC., | ) ) ) ) |
| *Defendant.* | ) ) ) |

## COMPLAINT IN INTERPLEADER

COMES NOW Plaintiff Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys, and for its Complaint in Interpleader states:

### PARTIES

1. Interpleader Plaintiff MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York. It is duly licensed to do business in the State of Virginia.

2. Upon information and belief, defendant Linda R. Pate is the spouse of David Pate (the "Decedent"), and she resides in Newport News, Virginia.

3. Upon information and belief, defendant Carlotta R. White is the daughter of the Decedent, and she resides in Richmond, Virginia.

4. Upon information and belief, defendant Joseph Jenkins, Jr. Funeral Home, Inc. is

1

located in Richmond, Virginia.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. §1331 because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, et seq. Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

6. Venue is proper pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b) because a defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

7. The Decedent, a retiree of General Motors Company, was a participant in the General Motors Company Basic Group Life Insurance (the "Plan"), an ERISA-regulated employee welfare benefit plan sponsored by General Motors Company and funded by a group life insurance policy issued by MetLife.

8. MetLife, as claim fiduciary, administers claims in accordance with ERISA and the documents and instruments governing the Plan. 29 U.S.C. §1104(a)(1)(D).

9. ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. §1002(8).

10. The Plan's Summary Plan Description ("SPD") establishes, at page 31, the right of a Plan participant to name his or her beneficiary, and states that benefits will be paid to the beneficiary. The SPD further provides that:

2

> The Beneficiary is the person or persons you choose to receive any benefit payable because of your death. You make your choice in writing on a form approved by us. This form must be filed with the records for This Plan. You may change the Beneficiary at any time by filing a new form with us. You do not need the consent of the Beneficiary to make a change. When we receive a form changing the Beneficiary, the change will take effect as of the date You signed it.

A true and correct copy of the SPD is attached hereto as Exhibit A.

11. The latest beneficiary designation form on file with the Plan is dated December 24, 2011 and names Linda R. Pate, as the primary beneficiary for the Plan benefits. A true and correct copy of the December 24, 2011 beneficiary designation form is attached hereto as Exhibit B.

12. The prior beneficiary designation on file with the Plan is dated March 28, 2011 and names Carlotta R. White, as the primary beneficiary for the Plan benefits. A true and correct copy of the March 28, 2011 beneficiary designation form is attached hereto as Exhibit C.

13. The Decedent died on September 22, 2012. A true and correct copy of the Decedent's death certificate is attached hereto as Exhibit D.

14. At the time of his death, the Decedent was enrolled under the Plan for basic life insurance coverage in the amount of THIRTY ONE THOUSAND THREE HUNDRED AND TWENTY DOLLARS ($31,320) (the "Plan Benefits"). The Plan Benefits became payable to the proper beneficiary upon the Decedent's death, pursuant to the terms of the Plan.

15. On September 24, 2012, Linda R. Pate assigned $12,244.25 of the Plan Benefits to Joseph Jenkins, Jr. Funeral Home, Inc. A true and correct copy of the funeral assignment is attached hereto as Exhibit E.

16. On October 4, 2012, Carlotta R. White sent a letter to MetLife stating that the

December 24, 2011 beneficiary designation form is invalid because the Decedent was suffering from advanced dementia. A true and correct copy of the October 4, 2012 letter is attached hereto as Exhibit F.

17. On October 9, 2012, Linda R. Pate completed a Life Insurance Claim Form for the Plan Benefits. A true and correct copy of the October 9, 2012 claim form is attached hereto as Exhibit G.

18. MetLife cannot determine whether the Decedent was mentally competent to make the change of beneficiary on December 24, 2011.

19. If a court were to determine that the Decedent was mentally competent to execute the December 24, 2011 beneficiary designation, then the Plan Benefits would be payable to Linda R. Pate based on the December 24, 2011 beneficiary designation form.

20. If a court were to determine that the Decedent was not mentally competent to execute the December 24, 2011 beneficiary designation, then the Plan Benefits would be payable to Carlotta R. White based on the March 28, 2011 beneficiary designation form.

21. By letter dated October 23, 2012, MetLife advised the Defendants that their claims were adverse to one another and raised questions of fact and law that could not be resolved by MetLife without exposing the Plan to the danger of double liability. MetLife gave Defendants an opportunity to try to resolve this matter in order to preserve the Plan Benefits from litigation costs and fees. Upon information and belief, no agreement was reached. A true and correct copy of the October 23, 2012, letter is attached hereto as Exhibit H.

22. MetLife cannot determine the proper beneficiary of the Plan Benefits at issue without risking exposure of itself, the Plan, and General Motors Company to multiple liabilities.

23. As a mere stakeholder, MetLife has no interest in the Plan Benefits (except to recover its attorney's fees and costs of this action). MetLife therefore respectfully requests that this Court determine to whom said Plan Benefits should be paid.

24. MetLife is ready, willing and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant the Court shall designate.

25. MetLife will deposit into the Registry of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, MetLife demands judgment as follows:

(i) Restraining and enjoining the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court against MetLife, General Motors Company, or the Plan for the recovery of Plan Benefits, plus any applicable interest payable as a consequence of the death of the Decedent;

(ii) Requiring that Defendants litigate or settle and adjust between themselves their claims for the Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Plan Benefits, plus applicable interest, if any, should be paid;

(iii) Permitting MetLife to pay into the Registry of the Court the Plan Benefits, plus applicable interest, if any;

(iv) Dismissing MetLife with prejudice from this action, and discharging MetLife, General Motors Company and the Plan from any further liability upon payment of

the Plan Benefits, plus any applicable interest into the Registry of this Court, or as otherwise directed by this Court;

(v) Awarding MetLife its costs and attorney's fees; and

(vi) Awarding MetLife such other and further relief as this Court deems just equitable and proper.

Dated: January 11, 2013

                                                    Joleen R. Okun, Va. Bar No. 73283
Ogletree, Deakins, Nash, Smoak and Stewart, P.C.
1909 K Street, N.W., Suite 1000
Washington, DC 20006
Telephone: (202) 887-0855
Facsimile: (202) 887-0866
Email: joleen.okun@odnss.com

*Counsel for Plaintiff Metropolitan Life Insurance Company*

14140979.1