# EXHIBIT H

**MetLife**

Metropolitan Life Insurance Company
Group Life Claims
P.O. Box 6100
Scranton, PA 18505

October 23, 2012

Linda Pate
528 Pineland Circle, Unit 103
Newport News, VA  23608

Carlotta White
8419 Klarey Ct.
Richmond, VA  23228

Re:  Plan Participant: David Pate (decedent)
     Plan & Plan No.: General Motors – 15500 (Basic Life Insurance)
     Amount: $31,320.00
     Claim No.: 21210001829

Dear Claimants:

We have thoroughly reviewed your claims to the referenced benefits. Unfortunately, Ms. Carlotta White's claim based on March 28, 2011, and Ms. Linda Pate's claim based on the beneficiary designation dated December 24, 2011, are adverse to one another and raise questions of fact and law that cannot be resolved by MetLife without exposing the plan to the danger of double liability.

The plan is regulated by the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. §§ 1001-1461, and MetLife is acting in its capacity as claims fiduciary for the plan.

Linda Pate's claim is based on the beneficiary designation that was completed on December 24, 2011 which names her as the sole primary beneficiary. Carlotta White is disputing this designation stating the David Pate was mentally incapable of making such a change, due to his suffering from advanced Dementia. We cannot tell if the court will find that David Pate was mentally competent to change his beneficiary designation at this time or not.

If the court was to find that David Pate was mentally competent to make the change of beneficiary on December 24, 2011, Linda Pate would be the sole primary beneficiary. Linda also signed a funeral home assignment with Joseph Jenkins, Jr. Funeral Home, Inc. which would receive $12,244.25 of the proceeds. If the court was to find that David Pate was not mentally competent to complete a beneficiary designation on December 24, 2011 due to advanced dementia, the benefits would be payable to Carlotta White as sole beneficiary based on the prior valid designation dated March 28, 2011.

gli162rev.0006

MetLife is, therefore, required by law to initiate what is called an interpleader action to permit a court to decide between the claims. Before doing so, however, MetLife will give you the opportunity to try to resolve the matter amicably in order to preserve the benefits from litigation costs and fees. Please inform this office in writing within thirty days of the date of this letter whether you believe you can reach an amicable compromise of your claims. If you cannot reach an agreement, or you do not timely contact this office in writing, you will be notified of the lawsuit in due course. If you can reach an agreement, please contact this office to advise us of the details of your compromise regarding the referenced benefit plan sufficient to permit MetLife to draw the checks correctly. MetLife will then prepare a Release in accordance with the terms of your settlement agreement, which releases any and all claims against MetLife, General Motors, and the General Motors Life & Disability Benefits Program. Once all settling parties have executed the Release prepared by MetLife, the proceeds will be paid in accordance with your compromise.

If you have any questions, please contact our office at 800-638-6420.

Sincerely,

Group Life Claims Operations



gli162rev.0006